**PHICO GROUP, INC. and Consolidated Subsidiaries, Plaintiff,**

v.

**The UNITED STATES of America, Defendant.**

**Civ. A. No. 86–1268.**

United States District Court,
M.D. Pennsylvania.

May 20, 1988.

Myron C. Baum, Caplin & Drysdale, Chartered, Washington, D.C., Ronald M. Katzman, Goldberg, Katzman & Shipman, P.C., Harrisburg, Pa., for plaintiff.

Frederick Martin, Asst. U.S. Atty., Lewisburg, Pa., Stuart J. Glick, Robert L. Gordon, U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM

RAMBO, District Judge.

Before the court are the parties' cross motions for summary judgment. The motions have been fully briefed and are ripe for disposition.

*Background*

The parties have stipulated as to the following facts in this case:

1. Phico Group, Inc. is a corporation organized under the laws of the Commonwealth of Pennsylvania. It is the successor in interest to the Pennsylvania Hospital Insurance Company and has its principal place of business in Mechanicsburg, Pennsylvania. Pennsylvania Hospital Insurance Company was organized under the laws of the Commonwealth of Pennsylvania in January, 1976 and commenced operations in March, 1976. The term "plaintiff" will be used interchangeably herein to refer to Phico Group, Inc. or to Pennsylvania Hospital Insurance Company.

2. Plaintiff files its federal income tax return on the basis of a calendar year.

3. For the year 1982 plaintiff filed a federal income tax return which showed an overpayment of tax in the amount of $449,-

235. On that return plaintiff requested that the overpayment be credited to its income tax liability for the year 1983.

4. During 1983 plaintiff made estimated, federal income tax payments for that year totalling $1,100,000.

5. On or about February 9, 1984 plaintiff, pursuant to section 6425 of the Internal Revenue Code, filed with the Internal Revenue Service a "Corporation Application for Quick Refund of Overpayment of Estimated Tax" on IRS Form 4466, the form prescribed therefor. The application requested a refund of $1,539,235, which consisted of:

a. The $1,100,000 estimated taxes paid in 1983, plus

b. The amount of tax overpaid on its 1982 return which was credited to 1983, $449,235 less $10,000, the amount of tax which it computed to be due and payable for the year 1983.

6. The Internal Revenue Service Center in Philadelphia, Pennsylvania notified plaintiff by letter dated February 29, 1984 that its application for a quick refund was rejected because "amounts due on other accounts exceed the overpayment."

7. On March 12, 1984 the same Internal Revenue Service Center sent plaintiff a demand for payment of federal income taxes in the amount of $5,470,863.63 for the year 1977.

8. Plaintiff, in fact, had no federal income tax liability outstanding for 1977 or any other year on February 29, 1984, when its application was denied, or on March 12, 1984, when the foregoing demand was made.

9. On or about June 1, 1984 plaintiff filed with the Internal Revenue Service a claim for refund of the $1,100,000 in estimated tax paid during 1983 with interest thereon.[1]

10. On July 6, 1984 the Internal Revenue Service refunded $1,100,000 in estimated, federal income tax payments for 1983 to plaintiff.

11. On or about August 7, 1984 plaintiff duly filed its federal income tax return for the year 1983 with the Internal Revenue Service. By filing a Form 7004 on March 12, 1984 plaintiff had obtained an automatic extension of time to file its return to September 15, 1984. This return showed a net loss by plaintiff for the year 1983 in the amount of $9,561,655, income tax due in the amount of $9,041, and an overpayment of $440,194.

12. On December 8, 1985 the Internal Revenue Service denied plaintiff's claim for interest on the refund that the Internal Revenue Service paid to plaintiff on July 6, 1984. The Internal Revenue Service "disallowed the claim because no interest is allowable on monies refunded prior to the filing of the return per section 6611 of the Internal Revenue Code." Exhibit E of the Stipulation.

13. Plaintiff claims it is entitled to interest on the sum of $1,100,000 from March 15, 1984, the date it asserts is made applicable by section 6611(d) of the Internal Revenue Code, to July 6, 1984, the date on which refund of such amount was made, together with interest on such unpaid interest as provided by law.

14. Defendant claims that plaintiff is not entitled to interest in any amount with respect to said sum of $1,100,000.

*Discussion*

■ Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Because the parties agree that there is no genuine issue of material fact, the court must only determine which of the movants is entitled to a judgment as a matter of law. In making that determination the court will address the issue of whether defendant was obligated to pay interest on plaintiff's refund, bearing in mind the fact that defendant made an erroneous disposi-

1. The balance of $439,235 from 1982 (see ¶ 5, *supra*) was not included in the claim and was ultimately claimed as an overpayment on plaintiff's 1983 income tax return.

tion of plaintiff's § 6425 application for adjustment and the fact that defendant paid the refund to plaintiff before plaintiff filed its return. Little guidance is provided by case law to assist the court in addressing this issue. Nevertheless, the court finds that the meaning of the pertinent statutes is clear.

The section of the Internal Revenue Code establishing defendant's obligation to pay interest on refunds to taxpayers provides, in part, as follows:

(a) *Rate.* Interest shall be allowed and paid upon any overpayment in respect of any internal revenue tax at the overpayment rate established under section 6621.

(b) *Period.* Such interest shall be allowed and paid as follows:

(1) Credits. In the case of a credit, from the date of the overpayment to the due date of the amount against which the credit is taken.

(2) Refunds. In the case of a refund, from the date of the overpayment to a date (to be determined by the Secretary) preceding the date of the refund check by not more than 30 days, whether or not such refund check is accepted by the taxpayer after tender of such check to the taxpayer. The acceptance of such check shall be without prejudice to any right of the taxpayer to claim any additional overpayment and interest thereon.

(d) *Advance payment of tax, payment of estimated tax, and credit for income tax withholding.* The provisions of section 6513 (except the provisions of subsection (c) thereof), applicable in determining the date of payment of tax for purposes of determining the period of limitation on credit or refund, shall be applicable in determining the date of payment for purposes of subsection (a).

(e) *Income tax refund within 45 days after return is filed.* If any over-payment of tax imposed by subtitle A is refunded within 45 days after the last date prescribed for filing the return of such tax (determined without regard to any extension of time for filing the return) or, in case the return is filed after such last date, is refunded within 45 days after the date the return is filed, no interest shall be allowed under subsection (a) on such overpayment.

26 U.S.C. § 6611((c) Repealed. Pub. L. 85–866, Title I, § 83(c), Sept. 2, 1958, 72 Stat. 1644).

Subsection (e) of § 6611 is plainly applicable to the facts in the case at bar. It is undisputed that the tax which plaintiff overpaid in 1983 was the type of tax imposed by subtitle A.[2] Secondly, it is undisputed that by filing its 1983 income tax return on August 7, 1984, plaintiff filed its return after the last day prescribed for filing the return.[3] Finally, it is undisputed that plaintiff's overpayment was refunded by defendant before the expiration of forty-five days after plaintiff filed its return. In fact, the refund was made before plaintiff even filed its return. In light of these facts defendant was correct, under § 6611(e), in not paying interest on plaintiff's refund.

Plaintiff argues that such an application of subsection (e) renders subsection (d) of § 6611 meaningless. This argument is unpersuasive. The purpose of subsection (d) is to assist in the determination of the date of overpayment in the event that the taxpayer is entitled to interest. Subsection (e), on the other hand, bears directly on the taxpayer's entitlement to interest and has nothing to do with determining the date of overpayment. If the provisions of subsection (e) are applicable to a given case, then the date of overpayment is unimportant. The date of overpayment, fixed according to subsection (d), only becomes important if the government has refunded an overpayment outside the time period prescribed in subsection (e). Applying subsection (e), therefore, does not deprive subsection (d)

---

**2.** Subtitle A pertains to income tax.

**3.** According to subsection (e), the last date prescribed for filing a return is to be determined without regard to any extension of time. Because plaintiff files income tax returns on a calendar-year basis, the last date for filing a return, without regard to any extension of time, is March 15 of the year following the calendar year. 26 U.S.C. § 6072(b).

of meaning. Rather, the two subsections are applicable in different circumstances.

Plaintiff also argues that subsection (e) applies only to a situation in which the defendant refunds an overpayment pursuant to the filing of a return. Because plaintiff obtained its refund through the filing of a claim for refund, plaintiff argues, subsection (e) is not applicable in this case. Plaintiff's interpretation has no basis in the clear language of subsection (e). Reference to the filing of a return in (e) serves only the purpose of providing a point of reference by which the time taken by the defendant to refund an overpayment is measured. No mention is made in (e) of the means by which the refund is obtained. Thus, the fact that plaintiff obtained its refund through a claim for refund, as opposed to an income tax return, does not disturb the conclusion that defendant relieved itself of an obligation to pay interest by refunding the overpayment before plaintiff had even filed its return.

Perhaps the argument on which plaintiff relies most heavily is that barring its claim for interest on the basis of § 6611(e) would undermine the purpose of § 6425, which provides, in part, as follows:

(a) *Application for adjustment.*

(1) Time for filing. A corporation may, after the close of the taxable year and on or before the 15th day of the third month thereafter, and before the day on which it files a return for such taxable year, file an application for an adjustment of an overpayment by it of estimated income tax for such taxable year. An application under this subsection shall not constitute a claim for credit or refund ...

(b) *Allowance of adjustment.*

(1) Limited examination of application. Within a period of 45 days from the date on which an application for an adjustment is filed under subsection (a), the Secretary shall make, to the extent he deems practicable in such period, a limited examination of the application to discover omissions and errors therein, and shall determine the amount of the adjustment upon the basis of the application and the examination; except that the Secretary may disallow, without further action, any application which he finds contains material omissions or errors which he deems cannot be corrected within such 45 days.

(2) Adjustment credited or refunded. The Secretary, within the 45–day period referred to in paragraph (1), may credit the amount of the adjustment against any liability in respect of an internal revenue tax on the part of the corporation and shall refund the remainder to the corporation....

26 U.S.C. § 6425.

The purpose of enacting § 6425 was "to allow a corporation to apply for a quick refund or, more technically, an adjustment of overpayment of estimated tax, immediately after the close of its taxable year." S.Rep. No. 1014, 90th Cong., 2d Sess. (1968) at 800, U.S.Code Cong. & Admin.News 1968, p. 2341. Before the process of applying for a quick refund was created, corporations often waited more than eight months after the close of a tax year before they could obtain refunds of excessive estimated-tax payments. The quick refund process was designed to ease the burden on corporations required to make estimated tax payments. *Id.*

Despite the benefit which § 6425 is intended to confer on corporations, plaintiff has not referred the court to any section of the Internal Revenue Code or of the regulations promulated thereunder which provides for taxpayer enforcement of § 6425. In fact, the regulations provide that

[i]f [an application pursuant to § 6425] is disallowed by the district director, or director of a service center, in whole or in part, no suit may be maintained in any court for the recovery of any tax based on such application. The filing of an application for an adjustment of overpayment of estimated income tax will not constitute the filing of a claim for credit or refund within the meaning of section 6511 for the purpose of determining whether a claim for refund was filed prior to the expiration of the applicable

·period of limitation. The corporation, however, may file a claim for credit or refund under section 6402 at any time prior to the expiration of the applicable period of limitation and may maintain a suit based on such claim if it is disallowed or if the district director, or director of a service center, does not act on the claim within 6 months from the date it is filed. Such claim may be filed before, simultaneously with, or after the filing of the application for the adjustment of overpayment of estimated tax.

26 C.F.R. § 1.6425–1(b)(2) (1987).

■ This regulation prohibits a § 6425 applicant for an adjustment of overpayment of estimated income tax from complaining in any court that the disallowance of its § 6425 application was erroneous. To make that complaint in any court the applicant must have also filed a claim for refund. The regulation permits the applicant to file such a claim at the same time, or even before, a § 6425 application is filed. In the case at bar there is little or no question that the total disallowance on February 29, 1984 of plaintiff's § 6425 application was erroneous. That fact does not entitle plaintiff to interest on its refund, as plaintiff would have the court find. Since the regulation does not permit relief in court from an erroneous disallowance of a § 6425 application as to any amount sought to be recovered therein, the court will not sidestep the regulation by allowing plaintiff to recover interest on its refund as a penalty to defendant for wrongfully disposing of plaintiff's § 6425 application.

Further, plaintiff will not have been totally deprived of the benefits of § 6425 and the regulations promulgated thereunder if plaintiff does not recover interest on its refund. As noted earlier, the statute was enacted to enable corporations to obtain refunds before their returns were due. Perhaps plaintiff did not obtain its refund as early as it could have if the Internal Revenue Service had correctly disposed of the § 6425 application. However, the fact remains that plaintiff did get its refund one month before it filed its return and two months before it was obligated to do so.

Thus, plaintiff did not bear quite the burden that § 6425 was designed to relieve.

Plaintiff also argues that it would have been unquestionably entitled to interest on its refund if the Service had been correct in denying plaintiff's application because plaintiff had an outstanding tax liability from 1977 and had applied the overpayment from 1983 to the 1977 liability. At that point, plaintiff argues, it would have been entitled to a refund for an overpayment of income taxes for 1977 in light of the now undisputed fact that plaintiff had no liability for 1977 at the time it filed its application. Despite plaintiff's opinion that the soundness and logic of this argument are apparent, it is not relevant to the facts in the case at bar. Refund in 1984 of an overpayment that occurred in 1977 would obviously not be affected by subsection (e) of § 6611. The case at bar, however, involves an overpayment in the 1983 tax year and a refund of the overpayment before the income tax return for that year had even been filed.

Finally, plaintiff argues that barring its claim for interest would violate the "principle of symmetry." Plaintiff's Brief in Support of the Motion for Summary Judgment at 17. Plaintiff correctly notes that if it had underpaid its income tax for 1983, payment on the balance due would have been required by March 15, 1984 and plaintiff would have been liable to defendant for interest on the balance if the payment was not made by that date. 26 U.S.C. § 6601. Apparently, it is plaintiff's position that because it would have been liable from March 15, 1984 for interest on an underpayment of tax, defendant should be held liable from March 15, 1984 for interest on the overpayment made by plaintiff. Regardless of what relation this argument may have to the "principle of symmetry," the court finds that the clear meaning of § 6611(e) contradicts the argument. Thus, § 6611(e) will be enforced as it is written.

*Conclusion*

On the basis of the preceding discussion, the court finds that defendant is entitled to judgment as a matter of law. The court will deny the motion of plaintiff for sum-

mary judgment and will grant defendant's motion for summary judgment.