**IT IS SO ORDERED.**

SOO LINE RAILROAD COMPANY, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 96–612T.

United States Court of Federal Claims.

Sept. 24, 1999.

David R. Brennan, Minneapolis, MN, for plaintiff.

Charles M. Ruchelman, U.S. Department of Justice, Washington, D.C., with whom were Assistant Attorney General Loretta C. Argrett and Chief, Court of Federal Claims Section, Mildred L. Seidman, and Senior Attorney William K. Drew, for defendant.

## ORDER

FIRESTONE, Judge.

This case comes before the court on the parties' cross-motions for summary judgment. The sole issue in this action is whether plaintiff is entitled to interest on an overpayment of federal income taxes that was acknowledged in a settlement between plaintiff and the Internal Revenue Service ("IRS"). Plaintiff claims it is entitled to interest on the IRS-adjusted overpayment even though it previously had received a payment from the IRS for the tax year in question in an amount greater than the IRS-adjusted amount. Defendant contends that plaintiff is not entitled to interest on the overpayment because plaintiff previously had received a payment without interest for the same tax year, and the court may not ignore that payment in determining whether there is an overpayment subject to interest.

After carefully reviewing the submissions of the parties and hearing oral argument, the court finds that it may not ignore the prior payment, and thus defendant's motion for summary judgment is granted and plaintiff's cross motion is denied.

## FACTUAL BACKGROUND

The facts are not in dispute and may be summarized as follows. Plaintiff, Soo Line Railroad Company, is a corporation organized under the laws of the state of Minnesota. The claim for interest at issue in this proceeding arises in connection with a 1983 net operating loss ("NOL") plaintiff sought to apply to its 1980 tax liability. On its 1980 tax return plaintiff reported $7,326,621 in tax liability. In 1984 plaintiff requested a reduction in its 1980 tax payment based on a NOL it had incurred for tax year 1983. In accordance with the relevant Internal Revenue Code (the "Code") provisions, plaintiff, on September 20, 1984, filed an application for a tentative allowance of $2,860,785 based on the NOL. The IRS paid the requested allowance of $2,860,785 without interest on October 12, 1984. While the government generally owes interest on tax overpayments, section 6611(e) of the Code provides that no interest may be paid if the overpayment is refunded to the taxpayer within 45 days of the filing of the requested allowance. *See* 26 U.S.C. § 6611(e) (1994). There is no dispute that plaintiff received payment of the allowance within 45 days.

Thereafter, on December 12, 1984, plaintiff filed a petition with the U.S. Tax Court seeking certain other adjustments to its 1980 tax liability. The IRS and plaintiff settled the Tax Court case on September 12, 1991. The terms of that settlement were embodied in a stipulation and decision that was entered by the Tax Court on that date. The Tax Court settlement made several adjustments to plaintiff's 1980 tax liability. Of particular relevance here, the settlement provided that plaintiff had a tax liability of $3,260,582.28 as of March 15, 1984 (the due date of the loss year that produced the NOL carryback). In addition, the parties determined that plaintiff had underestimated its 1983 NOL carryback. The recalculation showed that the NOL allowance should have been $5,676,358, rather than the $2,860,785 plaintiff reported in its September 20, 1984 application. Under the terms of the settlement, the $5,676,358 overpayment was credited against the $3,260,582.28 underpayment leaving an overpayment of $2,415,775.72.

Because plaintiff previously had been paid the $2,860,785 as a tentative allowance on October 12, 1984, the settlement agreement went on to provide that as of October 12, 1984, plaintiff had an underpayment of $445,-009.28 (the difference between the $2,860,785 and $2,415,775.72). The $445,009.28 underpayment was resolved as part of the Tax Court settlement and is not at issue here. No interest was paid or assessed on either the overpayment or underpayment for the period from March 15, 1984 through October 12, 1984.

On September 16, 1996, plaintiff timely filed the present action seeking, inter alia, interest on the $2,415,775.72 overpayment the IRS identified for the period between March 15, 1984 and October 12, 1984.[1] Following discovery the parties cross-moved for summary judgment on the question of whether plaintiff is entitled to interest on the IRS-adjusted amount. Oral argument was heard on September 16, 1999.

### DISCUSSION

#### I. Summary Judgment

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). When the parties have filed cross-motions for summary judgment, the court must evaluate each motion on its own merits. *See Thermocor, Inc. v. United States,* 35 Fed.Cl. 480, 485 (1996). A complete analysis of the facts and law leads the court to conclude that the case is appropriate for summary judgment and that plaintiff is not entitled to overpayment interest for the period in question.

#### II. Overpayment Interest on Net Operating Loss Carrybacks

The rules governing the tax consequences of net loss carrybacks are set forth in section 6411 of the Code. Section 6411(a) provides that a tentative allowance based on a net loss carryback does not ordinarily constitute a claim for a refund or credit, except for purposes of calculating interest. In particular, section 6411(a) states that interest on tentative allowances will be calculated under section 6611(f)(3)(B).[2] Section 6611(f)(3)(B) of the Code, provides in turn, that overpayment "refunds" based on net loss carrybacks are subject to the limitations on interest that are set forth in section 6611(e). Finally, section 6611(e) provides that the IRS is not liable for interest on any refund claim—including any application for a tentative allowance based upon a NOL carryback under section 6411—that the IRS pays within 45 days of the last day prescribed for filing the return.[3]

There is no dispute that the IRS paid plaintiff the $2,860,785 (the amount of its requested tentative allowance) within 45 days. Therefore, under the terms of section 6611(e) plaintiff was not entitled to any interest on its original tentative allowance claim. Plaintiff argues that the limitation on interest provided for under section 6611(e) does not apply here, however, because plaintiff never made a claim for a tentative allowance based

---

1. Plaintiff's complaint included three counts. Plaintiff, however, no longer seeks relief under the first two counts of its complaint but is only seeking interest on the overpayment identified by the IRS for the period between March and October 1984.

2. Section 6611(f)(3)(B) was re-designated in 1997 as section 6611(f)(4)(B) by the Taxpayer Relief Act of 1997, Pub.L. No. 105-34, § 1055(b)(1), 111 Stat. 788, 944. The reference in section 6411(a) to 6611(f)(3)(B), however, was not changed. As a consequence, section 6411(a) appears to no longer apply to NOL carrybacks. It is not disputed, however, that section 611(f)(3)(B) was in effect during the relevant time period and applies to the present action. *See Landgraf v. USI Film Prods.,* 511 U.S. 244,

269–74, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994) (requiring clear Congressional intent before a statute will be applied retroactively); *See also Korshin v. Commissioner,* 91 F.3d 670, 673–74 (4th Cir.1996).

3. In particular, I.R.C. § 6611(e) (1994) states:

   *Income tax refund within 45 days after return is filed.*—If any overpayment of tax ... is refunded within 45 days after the last day prescribed for filing the return of such tax (determined without regard to any extension of time for filing the return) or, in case the return is filed after such last date, is refunded within 45 days after the date the return is filed, no interest shall be allowed under subsection (a) on such overpayment.

on the IRS-determined corrected amount of $5,676,358. While plaintiff acknowledges that the IRS properly subtracted the $3,260,-582 underpayment from the corrected NOL, plaintiff claims that it is entitled to interest on the $2,415,775.72 difference. According to plaintiff, the fact that it previously received a tentative allowance of $2,860,785 based on a mistaken NOL carryback does not interfere with its right to interest on the IRS-corrected amount. In plaintiff's view, section 6611(f)(3)(B) applies only when the taxpayer seeks a tentative allowance; it does not apply when the IRS adjusts the amount owed. Plaintiff contends that where the amount owed the taxpayer is adjusted by the IRS, the taxpayer is entitled to interest on the IRS-adjusted amount without regard to previous payments made by the IRS for that same tax year.[4]

Defendant maintains that the previous IRS payment cannot be ignored and that where the previous payment meets or exceeds the amount of the IRS-adjusted overpayment plaintiff is not entitled to interest. Under defendant's reading of the Code, interest is owed only when the IRS-adjusted overpayment is greater than the amount previously paid. In such cases, defendant maintains, interest should be based on the difference between the IRS-adjusted overpayment and the amount that was previously paid. Defendant contends that to allow plaintiff to recover interest, where as here, the initial tentative allowance was timely paid within 45 days, would be tantamount to nullifying section 6611(e). Defendant maintains that having already paid plaintiff, within 45 days of plaintiff's initial request, an amount greater than the amount of the IRS adjustment, plaintiff should not now be entitled to interest on the IRS-adjusted amount.

III. Plaintiff Is Not Allowed Overpayment Interest on the IRS-adjusted Overpayment Amount.

While there is no specific Code or Treasury regulation governing the exact situation presented by this case, it seems plain to this court that it cannot ignore the tentative allowance the IRS paid to plaintiff on October 12, 1984, in deciding whether plaintiff is entitled to interest on the IRS-adjusted amount. To suggest that the prior payment is not relevant defies common sense. As defendant points out, there is nothing in the Code, regulations, or case law that would support this result. To the contrary, the only case the court and parties have found that has examined section 6611(e) holds that whenever a refund a payment has been made within 45 days no interest is due.[5]

Indeed, as defendant contends, awarding plaintiff interest now on the IRS-adjusted amount would render section 6611(e) a nullity in this case. Having paid plaintiff a tentative allowance greater than the amount plaintiff was eventually owed within 45 days in 1984, the government is correct in asserting that

---

**4.** Plaintiff initially argued that section 6611(e)(3) of the Code applies to this case and that plaintiff is entitled to interest under that section. Section 6611(e)(3) allows for interest on IRS-initiated adjustments for the number of days interest would otherwise be allowed, less 45 days. By its terms, however, section 6611(e)(3) only applies to refunds paid on or after January 1, 1995. *See* Omnibus Budget Reconciliation Act of 1993, Pub.L. No. 103–66, § 13271(b), 107 Stat. 312, 542. Plaintiff now agrees that section 6611(e)(3) does not·apply to this case. Plaintiff still maintains, however, that absent a Code provision to the contrary, the government owes interest on all IRS-adjusted amounts regardless of whether the taxpayer previously received an overpayment "refund" for that tax year.

**5.** *See Phico Group, Inc. v. United States,* 692 F.Supp. 437 (M.D.Pa.1988). In *Phico Group,* a corporate taxpayer filed a claim for a refund on

June 1, 1984, of $1,100,000 in estimated tax paid during 1983, with interest thereon. On July 6, 1984, the IRS refunded the $1,100,000 to plaintiff. Phico then filed its 1983 income tax return on August 7, 1984. On December 8, 1995, the IRS denied plaintiff's claim for interest on the refund the IRS paid to plaintiff on July 6, 1984. Subsequently, Phico filed suit claiming that it was entitled to interest on the $1,100,000 from March 14, 1984, the date that an overpayment was deemed to occur, to July 6, 1984, the date payment was made.

In denying Phico's claim, the court noted that defendant refunded plaintiff's overpayment within forty-five days after plaintiff filed its return. The court emphasized that "[i]n fact, the refund was made before plaintiff even filed its return." *Id.* at 439. In light of these facts, the court concluded that defendant was correct, under section 6611(e), in not paying interest on plaintiff's refund. *See id.*

section 6611(e) bars interest on the $2.4 million that should have been paid.

In such circumstances, the court sees no basis upon which to award plaintiff the interest payment it seeks. To be sure, if the IRS-adjusted overpayment had exceeded the earlier tentative allowance, interest would be owed on the difference. Indeed, defendant concedes this point. However, where as here, plaintiff sought and obtained a tentative allowance and was paid within 45 days in an amount greater than the IRS-adjusted amount, an award of interest now on the IRS-adjusted amount would render section 6611(e) meaningless. If plaintiff was not entitled to interest on the earlier tentative allowance, it should not get interest now on an amount that is less than its original claim.[6] In sum, the court cannot find any support for plaintiff's contention that the IRS owes it interest on the IRS-adjusted overpayment.

## CONCLUSION

For the reasons stated above, the court finds that plaintiff has failed to prove that it is entitled to interest on its overpayment of federal income taxes. Accordingly, plaintiff's cross-motion for summary judgment is **DE-NIED** and defendant's cross-motion for summary judgment is **GRANTED**, and the case is hereby **DISMISSED**. The parties are to bear their own costs.

**IT IS SO ORDERED.**

---

6. Plaintiff argues that the interest limit in section 6611(e) was established to prevent taxpayers from manipulating their returns in order to obtain interest. The court recognizes that plaintiff did not manipulate its calculations in an impermissible effort to obtain interest on its overpayment in this case. However, for the above-stated reasons plaintiff is still not entitled to interest.